UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ROBERT KEANEY, JR.,

                Plaintiff,

-against-

JOHN ENDERS AND ASSOCIATES, INC., and
JOHN ENDERS,

                Defendant.
------------------------------------------------------------x

JURY TRIAL DEMANDED

**COMPLAINT**

Index No.:

08 CIV. 4217
JUDGE CONNER

    Plaintiff, ROBERT KEANEY, JR., through his attorneys, BANK, SHEER, SEYMOUR & HASHMALL, for his complaint against defendant, JOHN ENDERS AND ASSOCIATES, INC., and JOHN ENDERS, states as follows:

### PRELIMINARY STATEMENT

    1. This is a Civil Action seeking monetary relief, including unpaid wages, attorneys' fees, liquidated damages, disbursements and costs. Plaintiff, Robert Keaney, Jr., alleges that defendants failed to pay wages due as an employee pursuant to an employment agreement between the parties. Further, plaintiff alleges that defendant's failure to pay wages is in violation of Article 6 of the New York State Labor law.

### JURISDICTION AND VENUE

    2. This Court has jurisdiction over this matter pursuant to the residence and place of business of the defendants by reason of the diversity of citizenship between the parties and that the amount in controversy exceeds the sum of $75,000.00, exclusive of costs.

    3. The breach of the employment contract and the failure to pay wages occurred within the State of New York, County of Putnam. Accordingly, venue for this action is therefore in the Southern District of New York.

1

## PARTIES

4. Plaintiff is a resident of the State of Connecticut and resides at 7 Candlewood Heights, New Milford, CT 06776.

5. Plaintiff is a former employee of defendants, John Enders and Associates, Inc. and John Enders. At some times relevant to this action, Plaintiff, Robert J. Keaney, was also an independent contractor, engaged and retained by defendants, John Enders and Associates, Inc. and John Enders.

6. Upon information and belief, defendant, John Enders and Associates, Inc., is a New York Corporation authorized to conduct business within the State of New York with its principal place of business located at 73 Fairfield Drive, Patterson, New York 12563.

7. Defendant, John Enders, is a resident of the Town of Patterson, County of Putnam, State of New York.

8. Defendant, John Enders, exercised complete domination over John Enders and Associates, Inc. especially with respect to the employment agreements entered into between Plaintiff and Defendants, and also with respect to the financial transactions which form the basis of the relief requested herein.

## FACTS

9. Plaintiff, Robert J. Keaney was employed by defendants, John Enders and Associates, Inc. and John Enders, from October 31, 2001 through February 28, 2006. During his employment with defendants, Mr. Keaney was employed in the position of Executive General Adjuster. Plaintiffs' principal duties were to investigate, adjust, settle and conclude claims on behalf of and for the major insurance companies who retained defendants to perform insurance

adjusting services on their behalf. It was the parties intent for Plaintiff to actively seek out and procure additional work from insurance carriers known as "Property Claims Adjusting work".

10. The parties entered into a verbal employment agreement in October of 2001, which contained agreements between Plaintiff and Defendants, pertaining to business generated by Plaintiff on behalf of Defendants' business and an agreement that Plaintiff would be compensated "pursuant to a commission based compensation formula" wherein Plaintiff would receive 60% of gross billable revenues and defendants would receive 40% of the gross billable revenues generated by Plaintiffs' efforts.

11. As a result of Plaintiffs' efforts, the business opportunities for the Defendants increased considerably between 2001 and 2006. As a direct result of Plaintiffs' efforts, revenues for defendants increased significantly between 2001 and 2006.

12. As a direct result of the significant increase in revenues, the defendants, in 2003, proposed that Plaintiff would receive a base salary plus commissions/profit sharing, utilizing the 60%/40% split of revenues previously agreed to by the parties. Plaintiffs' base salary was initially $84,000.00 for the fiscal year 2003.

13. At all times during Mr. Keaney's employment, he performed services for defendants in an exemplary manner, including but not limited to, bringing new business opportunities to the defendants and generating substantial revenues for defendant.

14. During Mr. Keaney's employment, a substantial amount of his time was expended procuring the business of property files from Insurance carriers on defendant's behalf.

15. The verbal agreements between the parties resulted in the Plaintiff being paid a base salary of $84,000.00 for 2003. Plaintiff was entitled to additional monetary compensation for 2003 based upon the 60%/40% agreement still in effect.

16. The verbal agreements between the parties resulted in the Plaintiff being paid a base salary of $106,000.00 for 2004. Plaintiff was entitled to additional monetary compensation for 2004 based upon the 60%/40% agreement still in effect.

17. The verbal agreements between the parties resulted in the Plaintiff being paid a base salary of $120,000.00 for 2005. Plaintiff was entitled to additional monetary compensation for 2005 based upon the 60%/40% agreement still in effect.

18. The verbal agreements between the parties resulted in the Plaintiff being paid a base salary of $20,000.00 for 2006. Plaintiff was entitled to additional monetary compensation for 2006 based upon the 60%/40% agreement still in effect.

19. During his employment, Plaintiff would incur out of pocket business expenses, necessary to perform insurance adjusting services for defendant's clients. These expenses were to be reimbursed to Plaintiff by defendants.

20. During the course of his employment with defendants, the Plaintiff would routinely and with the knowledge, consent and assistance of defendant and defendant's employees, calculate invoices on behalf of defendants who transmitted those invoices to the insurance carriers for work previously performed by Plaintiff.

21. In or about February 2006, the defendants and Plaintiff mutually agreed to terminate their employment agreements effective at the end of February 2006. At that time defendants

informed Plaintiff that they would pay the balance of his salary and commissions, previously earned in 2003, 2004, 2005 and 2006 in a timely manner.

22. Plaintiff, after the decision to separate from employment with the defendants, continued to calculate and prepare invoices on behalf of defendants who transmitted those invoices to the insurance carriers for work previously performed by Plaintiff.

23. The defendants transmitted the invoices prepared and earned by Plaintiff to its Insurance company clients, and received payment for same.

24. In February of 2006, Plaintiff separated from employment with Defendants. With the defendants knowledge and consent, Plaintiff continued to provide insurance adjustment services on a number of files previously assigned and handled by the Plaintiff while an employee of defendants.

25. In March of 2006, Plaintiff sent an invoice to defendants which represented monies due to Plaintiff for work performed at defendants request utilizing the 60%/40% formula. Plaintiff also submitted an invoice for out of pocket business expenses.

26. Several weeks later defendants tendered payment to the Plaintiff in an amount considerably less that previously agreed to.

27. Mr. Keaney objected to defendant's attempt to pay him less than his full entitlement.

28. As a result of Mr. Keaney's objection to defendant's attempt to deprive him of his rightful compensation, defendants refused to pay Mr. Keaney any of the substantial commission still owed to him by defendants.

29. During Mr. Keaney's employment with defendants, he was also not paid for legitimate business expenses incurred during the conduct of his employment activities for defendants.

30. Notwithstanding Mr. Keaney's procurement of business with the aforementioned clients, defendants have refused to pay Mr. Keaney any of his justly earned compensation.

## AS AND FOR A FIRST CAUSE OF ACTION

31. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 27 of the Complaint.

32. In October, 2001, defendants offered Mr. Keaney employment.

33. Mr. Keaney provided services in accordance with the verbal agreement and under circumstances in which there was a meeting of the minds between the parties.

34. The Agreement constitutes an enforceable employment contract.

35. Mr. Keaney fulfilled all his obligations pursuant to the Agreement.

36. Defendants failed to pay Mr. Keaney his total compensation due pursuant to the Agreement.

37. Defendant's failure to pay Mr. Keaney his compensation pursuant to the Agreement constitutes a breach of contract.

38. As a result of the defendant's breach of contract, Mr. Keaney has been damaged, upon information and belief, in at least the approximate principal amount of $18,914.00 for the fiscal year 2003; $30,844.00 for the fiscal year 2004; $34,795.00 for the fiscal year 2005; $80,183.70 for the fiscal year 2006; $23,198.53 for out of pocket expenses for the fiscal years 2003 through 2006; in at least the principal amount of $187,935.23.

6

## AS AND FOR A SECOND CAUSE OF ACTION

39. Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 35 of the Complaint.

40. The compensation earned by Plaintiff and owed by defendants in the approximate principal sum of at least $164,736.70 which constitute unpaid wages due plaintiff from defendants.

41. Despite demands from Mr. Keaney, defendants have informed him that they do not intend to pay said wages.

42. Under New York State Labor Law Section 191, plaintiff is a "Commissioned Salesman" instituting a wage claim against defendants, which is unlawfully withholding from plaintiff wages due.

43. Defendant's failure to pay wages is willful.

44. By virtue of the foregoing, defendants have violated Article 6 of the New York State Labor Law, Section 190 et seq., and the requirements more particularly set forth in Section 191, and is liable to plaintiff for the underpayment of wages in the approximate amount of at least $187,935.23, plus attorneys' fees and costs in an amount to be determined at trial, and by reason of its willful failure to pay wages, liquidated damages in an amount equal to 25% of the wages due and owing.

## AS AND FOR A THIRD CAUSE OF ACTION

45. Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 44 of the Complaint.

46. That at all times hereinafter mentioned the defendant, John Enders, made statements that the defendants would adhere to their contractual obligations and pay to Plaintiff the wages due to him under the 60%/40% agreement in effect.

47. The statements were made by defendant, John Enders, between 2001 and 2006 in Patterson, New York, which is within the Southern District of New York.

48. That at all times hereinafter mentioned the defendants utilized the time and efforts of the Plaintiff, to their benefit by billing the insurance carriers for the work performed by Plaintiff and accepting payment for same, without compensating Plaintiff.

49. Those statements made by defendant, John Enders, on behalf of himself personally, and on behalf of the closely held corporation, for which he exercised complete domination, were fraudulently made because, at the time they were made, he had no intent of adhering to the oral agreements made with Plaintiff.

50. Defendants, with malice, intent, and knowledge of their fraudulent intent, accepted payment for the work performed by Plaintiff, but failed to pay Plaintiff for same.

51. As a result of Defendants fraudulent and wrongful conduct, Plaintiff has been damaged in the principle amount of $187,935.23.

## AS AND FOR A FOURTH CAUSE OF ACTION

52. Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 51 of the Complaint.

53. That at all time hereinafter mentioned, Defendant, John Enders, exercised complete domination of his closely held corporation, especially with respect to the compensation generated by Plaintiff and owed to Plaintiff.

54. That this total domination was used to commit wrongs against the Plaintiff in that it led to inequity, fraud and malfeasance.

55. As such, any corporate veil asserted by John Enders, must as a matter of law and equity, be pierced to achieve justice.

56. As a result of Defendants fraudulent and wrongful conduct, Plaintiff has been damaged in the principle amount of $187,935.23.

**WHEREFORE**, plaintiff, Robert Keaney, Jr., demands judgment against defendants, John Enders and Associates, Inc., and John Enders, as follows:

1. On its first cause of action for at least the principal amount of $187,935.23.

2. On its second cause of action for at least the principal amount of $187,935.23, plus attorneys fees in an amount to be determined at trial, costs and liquidated damages in the amount of 25% of the underpayment of wages; and

3. On its third cause of action for at least the principal amount of $187,935.23.

4. On its fourth cause of action for at least the principal amount of $187,935.23.

5. On all causes of action for costs, disbursements, interest and such other and further relief as this Court deems just and appropriate.

### JURY DEMAND

Plaintiff demands trial by jury on all issues in this action.

Dated: White Plains, New York
May 2, 2008

Respectfully Submitted,

BANK, SHEER, SEYMOUR & HASHMALL

By: _____
Daniel A. Seymour, Esq.   5177
Attorneys for Plaintiff, Robert Keaney, Jr.

399 Knollwood Road, Suite 220
White Plains, New York 10603
(914) 761-9111

To:   John Enders and Associates, Inc.
      73 Fairfield Drive
      Patterson, New York 12563

      John Enders
      19 Jordan Drive
      Patterson, New York 12563