UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

ROBERT KEANY, JR.,                              Case No. 08 CIV 4217

                Plaintiff,

   -against-                                    **ANSWER**

JOHN ENDERS AND ASSOCIATES, INC.
and JOHN ENDERS,
                                Hon. William C. Conner, USDJ
                Defendant.

----------------------------------------------------------x

      The defendants, JOHN ENDERS AND ASSOCIATES, INC. and JOHN ENDERS, by and through their attorneys, Hogan & Rossi, answer the allegations of the Complaint as follows:

      1.     Defendants deny the allegations set forth in paragraphs 1, 2, 3, 5, 6, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 20, 21, 22, 23, 24, 25, 27, 28, 29 and 30 of the Complaint.

      2.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint.

      3.     Defendants admit the allegations set forth in paragraph 7 of the Complaint.

4.    Defendants deny the allegations set forth in paragraph 19 of the Complaint, except affirmatively state that all out-of-pocket expenses incurred by plaintiff that were both (i) reasonable and necessary to perform insurance adjusting services and (ii) submitted in expense reports to the defendant John Enders and Associates, Inc., were reimbursed to plaintiff.

5.    Defendants deny the allegations set forth in paragraph 26 of the Complaint, except affirmatively state that defendant John Enders and Associates, Inc. reimbursed plaintiff for all out-of-pocket expenses reasonable and necessary to perform insurance adjusting services incurred by plaintiff and previously submitted in expense reports to the defendant John Enders and Associates, Inc. during the time period referenced.

## ANSWERING THE FIRST CAUSE OF ACTION

6.    With respect to the allegations set forth in paragraph 31 of the Complaint, the defendants repeat each and every answer set forth above.

7.    Defendants deny the allegations set forth in paragraphs 32, 33, 34, 35, 36, 37 and 38 of the Complaint.

2

## ANSWERING THE SECOND CAUSE OF ACTION

8.      With respect to the allegations set forth in paragraph 39 of the Complaint, the defendants repeat each and every answer set forth above.

9.      Defendants deny the allegations set forth in paragraphs 40, 42, 43 and 44 of the Complaint.

10.     Defendants admit the allegations set forth in paragraph 41 of the Complaint and affirmatively state that plaintiff has received all compensation to which he was entitled as a result of his employment with John Enders and Associates, Inc.

## ANSWERING THE THIRD CAUSE OF ACTION

11.     With respect to the allegations set forth in paragraph 45 of the Complaint, the defendants repeat each and every answer set forth above.

12.     Defendants deny the allegations set forth in paragraphs 46, 47, 48, 49, 50 and 51 of the Complaint.

## ANSWERING THE FOURTH CAUSE OF ACTION

13.    With respect to the allegations set forth in paragraph 52 of the Complaint, the defendants repeat each and every answer set forth above.

14.    Defendants deny the allegations set forth in paragraphs 53, 54, 55 and 56 of the Complaint.

## <u>AFFIRMATIVE DEFENSES</u>

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

15.    The Complaint fails to state a cause of action.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

16.    Plaintiff was not a "commissioned salesperson" under Sec. 190 et seq. of the N.Y. Labor Law.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

17.     Plaintiff's claim under N.Y. Labor Law Sec. 90 et seq. for underpayment of wages are limited by the three (3) year statute of limitations of N.Y. CPLR §214(2) in that same constitutes an "action for liability, penalty or forfeiture created or imposed by statute" and, as such, any and all amounts of said claim relative to underpayment of wages prior to May 2, 2005 are time barred.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

18.     Plaintiff's claims for breach of contract and fraud are limited by the six (6) year statute of limitations of N.Y. CPLR §213 and, as such, any and all amounts of damages claimed for periods prior to May 2, 2002 are time barred.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

19.     Plaintiff never once complained, demanded, inquired or suggested to the defendants at any time during the period of his employment from 2001 through February 28, 2006 that he believed he was owed compensation for commissions, wages, reimbursement of expenses or any other form of compensation or reimbursement.    Such unreasonable and inexplicable delay has prejudiced the

defendants, renders it inequitable to permit recovery and, therefore, plaintiff is barred by the equitable doctrine of laches.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

20.     Plaintiff's claims are barred by the doctrine of equitable estoppel in that it would be inequitable and unjust to permit recovery in light of plaintiff's conduct:

(i) In 2001, plaintiff fraudulently misrepresented to defendants that the industry standard, and the terms at his previous place of employment, were such that insurance adjusters were paid 60% of the billable hours worked on client files with 40% going to the employer. Upon inquiring of plaintiff's previous employer, defendants were informed the opposite was true. After defendants confronted the plaintiff about his misrepresentation, plaintiff immediately admitted to the misrepresentation and agreed to a different compensation structure.

(ii) In 2001, plaintiff represented that he had many industry contacts and would be actively seeking and bringing in new business in the form of additional insurance carriers as clients, and additional claims. In fact, plaintiff never brought in any new clients nor generated any new business for John Enders and Associates, Inc.

(iii)   Upon beginning his employment with defendant John Enders and Associates, Inc., plaintiff asked to be a salaried employee but was not offered employment as such since the company was young and had never employed additional adjusters before.  Beginning January 1, 2003, plaintiff was advised that his continued employment would be based on a straight salary and plaintiff accepted that transition, met with the accountant for John Enders and Associates, Inc., filled out and signed appropriate tax and accounting forms to effectuate the change in compensation terms, and otherwise was fully apprised, aware, and took steps in furtherance of the transition to be compensated on a salary basis only.

(iv)  In order to induce defendant John Enders and Associates, Inc. to hire him, plaintiff represented that he was experienced in adjusting a variety of types of specialized claims, including jewelers block, fine art and armored car, as well as pre-risk surveys.  In fact, plaintiff had no such experience and his inability to handle diverse claims jeopardized and irreparably harmed the business and good will of John Enders and Associates, Inc.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

21.     Plaintiff's claims are barred by the doctrine of ratification in that plaintiff unequivocally ratified the change of terms in his compensation to a straight salary position beginning in January 1, 2003.

## AS AND FOR A FIRST

## COUNTERCLAIM

22.    The plaintiff was employed by defendant John Enders and Associates, Inc. from October 31, 2001 through February 28, 2006.

23.    On numerous occasions, beginning as early as September 2002 and thereafter during the remainder of his employment, plaintiff was warned by John Enders of John Enders and Associates, Inc. that he was placing the company in jeopardy of losing accounts, particularly ACE USA and Jewelers Mutual Insurance Company, due to plaintiff's penchant to overbill on files and unnecessary duplication of reporting.

24.    At some point prior to plaintiff's termination, ACE USA directed defendants that they were not authorized to allow plaintiff to work on any of their files due to his poor performance.

25.    As a result of the foregoing, in addition to various other performance related issues, defendant John Enders and Associates, Inc. terminated plaintiff's employment on or about February 13, 2006, to become effective at the close of business on February 28, 2006.

26.    Defendants informed Jewelers Mutual that plaintiff was going to be terminated.

27.     Upon information and belief, plaintiff spoke directly with personnel at Jewelers Mutual and made false representations concerning his employment status, including that he and defendants worked out their differences and that his employment would be continuing.

28.     Prior to the effective date of his termination, plaintiff advised defendants that Jewelers Mutual had given him authorization to travel to Florida to handle hurricane claims.  This representation was false.

30.     Defendant John Enders questioned plaintiff about Jewelers Mutual giving him authorization to go to Florida in light of the fact that his termination from employment was about to become effective at the end of February 2006.

31.     In response to the questioning from defendant John Enders, plaintiff abruptly announced that because he was being terminated, he was not going to Florida.

32.     Also on or about February 13, 2006, defendant John Enders and Associates, Inc. offered that plaintiff could continue to work on certain files as an outside contractor after February 28, 2006 provided that plaintiff maintained proper licenses along with insurance coverage, including an Errors & Omissions policy (E&O), and workers compensation.

33.     Despite plaintiff's representations that he was forming a new business entity under which he would be doing business as an outside contractor after February 28, 2006, plaintiff never furnished any certificate of incorporation, d/b/a certificate, or other filing information from his home state of Connecticut or any other state.

34.     Despite plaintiff's representations that he would obtain proper licenses along with insurance coverage, including an Errors & Omissions policy (E&O), and workers compensation, plaintiff never furnished John Enders and Associates, Inc. with any proof of same, although same was duly demanded.

35.     Upon information and belief, during the period March 1, 2006 through April 11, 2006 and later, plaintiff never maintained proper licenses necessary to adjust clams, and never obtained the insurance coverage required by John Enders and Associates, Inc. as a condition to providing outside contracting services for John Enders and Associates, Inc.

36.     Increduously, despite his indication that he was not going to Florida to work on Jewelers Mutual claims, immediately following his last date of employment with John Enders and Associates, Inc. on February 28, 2006, plaintiff without furnishing proof of licensing and insurance, and without authorization, took various Jewelers Mutual Hurricane Wilma files belonging to John Enders and Associates, Inc., charged a trip to Florida on the company's American Express card, and went to the state of Florida to begin adjusting claims.

37.    Upon information and belief, plaintiff was not licensed to adjust claims in the state of Florida, nor did he apply for or obtain a temporary license to adjust claims in that state.

38.    Plaintiff then proceeded to directly write reports to Jewelers Mutual Insurance Company, without authorization from either John Enders and Associates, Inc. or Jewelers Mutual Insurance Company, using the letterhead of John Enders and Associates, Inc. and also letterhead of "Keaney & Company".

39.    Plaintiff also, without authorization, negotiated proposals with insureds and, where applicable, with their public adjusters.

40.    John Enders and Associates, Inc. demanded that plaintiff cease and desist from having direct contact with its client Jewelers Mutual Insurance Company by issuing reports to them and demanded that any reports be sent directly to John Enders and Associates, Inc. who would handle all client contact and issuance of reports.

41.    Despite the clear direction and the cease and desist demands, plaintiff boldly continued to operate in a manner that was injurious to both the business and reputation of John Enders and Associates, Inc. and its client, Jewelers Mutual Insurance Company.

42.    On or about March 30, 2006, John Enders and Associates, Inc. notified plaintiff that his services as an outside contractor were no longer desired and demanded the return of all of its client files in plaintiff's possession.

43.    Plaintiff initially failed to return the files belonging to John Enders and Associates, Inc., then returned them without material information, including reports and enclosures such as photographs and other documents.

44.    On April 11, 2006, John Enders and Associates, Inc. demanded the missing contents of its files.

45.    Due to the above-described conduct and action of the plaintiff following his termination as an employee of John Enders and Associates, Inc., the company John Enders and Associates, Inc. was unable to timely handle the Hurricane Wilma files, and was unable to bill for all the excessive time and effort devoted to properly adjust the claims.

46.    Due to the above-described conduct and action of the plaintiff, John Enders and Associates, Inc. lost considerable revenue and suffered irreversible damage to its reputation.

47.    The above-described conduct and action of the plaintiff caused irreparable damage to the business and good will of John Enders and Associates, Inc. resulting in the business having to cease operations altogether.

48.    As a result of the foregoing, the defendant John Enders and Associates demands judgment awarding compensatory damages of the plaintiff in an amount to be determined at trial, but believed to exceed $300,000.00.

**AS AND FOR A SECOND**

**<u>COUNTERCLAIM</u>**

49.    The defendant John Enders and Associates, Inc. repeats and re-alleges paragraphs 22 through 48 as if fully repeated and set forth at length herein.

50.    The plaintiff intentionally and without authority assumed or exercised control over personal property belonging to John Enders and Associates, Inc., to wit: its files relative to Hurricane Wilma claims.

51.    The plaintiff interfered with John Enders and Associates, Inc.'s right of possession in and to its files.

52.    By reason of the above-described conversion, the defendant John Enders and Associates, Inc. was deprived of the value and use of its files.

53.    As a result of the conversion committed by plaintiff, the defendant John Enders and Associates, Inc. demands judgment, over and against the plaintiff, in an amount to be determined at trial, but believed to be in excess of $50,000.00.

**WHEREFORE,** the defendants John Enders and Associates, Inc. and John Enders, respectfully demand judgment as follows:

(i)    dismissing the complaint, with prejudice;

(ii)    on its first counterclaim, judgment in favor of John Enders and Associates, Inc. and over and against plaintiff in an amount to be determined at trial, but believed to be in excess of $300,000.00;

(iii)    on its second counterclaim, judgment in favor of John Enders and Associates, Inc. and over and against plaintiff in an amount to be determined at trial, but believed to be in excess of $50,000.00;

(iv)    awarding the defendants their reasonable attorneys' fees, costs and disbursements incurred in the defense of this action; and

(v)    awarding such other and further relief as this Honorable Court deems just,

equitable and proper.

Dated:      Brewster, New York
            August 13, 2008

                              Yours, etc.,

                              HOGAN & ROSSI
                              *Attorneys for Defendants*
                              1441 Route 22, Suite 204B
                              Brewster, New York 10509
                              (845) 279-2986

                    By:      _____
                              David Simon (DS4445)


To:      BANK, SHEER, SEYMOUR & HASHMALL
         *Attorneys for Plaintiff*
         399 Knollwood Road
         White Plains, New York 10603
         (914) 761-9111